**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **RICHARD CHILES and** | § | |
| **PATRICIA CHILES** | § | **PLAINTIFFS** |
| | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:15cv12-HSO-JCG** |
| | § | |
| | § | |
| **GEORGE CRAIG -** | § | |
| **POSTMASTER** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S [3] MOTION TO DISMISS**

BEFORE THE COURT is the Motion to Dismiss [3] filed by Defendant George Craig - Postmaster.  Plaintiffs Richard Chiles and Patricia Chiles have not responded to the Motion.  After due consideration of the Motion, the record, and relevant legal authorities, the Court finds that Defendant's Motion to Dismiss [3] should be granted and that this civil action should be dismissed without prejudice for want of subject matter jurisdiction.

## I. BACKGROUND

On or about December 9, 2014, Plaintiffs Richard Chiles and Patricia Chiles ("Plaintiffs") filed a Declaration in the Justice Court of Jackson County, Mississippi, naming George Craig - Postmaster of the Ocean Springs, Mississippi, post office ("Defendant"), in his official capacity, as the sole Defendant.[1]  Plaintiffs allege that

---

[1]Every indication in the record is that this suit is only against Defendant in his official capacity.  Plaintiffs' Declaration fails to state a plausible claim upon which relief could be granted against Defendant in his individual capacity.

Defendant is indebted to them in the amount of $1,500.00.  Decl. [2] at 2.  According to one of the Plaintiffs,[2]

> On May 7, 2014, I mailed a package to Lakewood, CA.  Come to find out an employee used a wrong zip code.  Package went to Cano, Puerto Rico & back & forth to Jacksonville, Fla.  We have tried for months to settle this with the P.O.  It has now been six months we are without the money for the merchandise.

*Id.*  Plaintiffs further charge that Defendant "has been dishonest and uncooperative this whole time." *Id.* at 3.

Defendant removed the civil action to this Court on January 13, 2015, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.  Notice of Removal [1] at 1.  Defendant filed a Motion to Dismiss [3] pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on January 16, 2015.  Mot. [3] at 1.  Defendant contends that sovereign immunity divests the Court of subject matter jurisdiction over Plaintiffs' claims and that Plaintiffs have failed to state a claim upon which relief can be granted on grounds that Plaintiffs failed to first file an administrative claim with the United States Postal Service ("USPS") seeking recovery under the Federal Tort Claims Act ("FTCA"). *Id.*; Mem. [4] at 2-5.  Plaintiffs have not responded to Defendant's Motion [3], and the time to do so has passed.  L.U. Civ. R. 7(b)(4).

---

[2]It is unclear which Plaintiff completed and signed the Declaration, but this is immaterial to the Court's resolution of the Motion.

## II. DISCUSSION

### A.    Legal Standards

A motion to dismiss pursuant to Rule 12(b)(1) challenges a federal court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  When presented with a motion to dismiss pursuant to Rule 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face . . . ."  *Spitzberg v. Hous. Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Hale v. King*, 642 F.3d 492, 498-99 (5th Cir. 2011)).

### B.    Plaintiffs' Failure to File an Administrative Claim

While Plaintiffs have named an individual USPS employee as the sole Defendant, "[o]fficial capacity suits against federal employees are generally treated as suits against the United States."  *Todd v. Hawk*, 263 F.3d 16 2, 2001 WL 803568, *2 (5th Cir. 2001) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985)).  "An action cannot be brought against the United States for the negligent act of one of its employees 'unless the claimant shall have first presented the claim to the appropriate Federal agency.'"  *Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011) (quoting 28 U.S.C. § 2675(a)).  "That requirement is a prerequisite to suit under the FTCA."  *Id.* at 1030 (citing *McAfee v. 5th Cir. Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989)).  "To fulfill that requirement, an FTCA

-3-

claimant must provide the agency with 'facts sufficient to allow his claim to be investigated.'" *Id.* (quoting *Cook v. United States*, 978 F.2d 164, 166 (5th Cir. 1992)).

In support of Defendant's contention that Plaintiffs have never presented their claim to the appropriate federal agency, Defendant provides the Declaration [3-1] of Barbara Rivers ("Rivers"). Rivers is a Tort Claims Coordinator for USPS for the Mississippi District. Decl. of Rivers [3-1] at 1. Rivers avers that, as of January 12, 2015, her search of the USPS's database containing information relating to submitted administrative tort claims has revealed that no administrative tort claim was received by USPS on behalf of either Plaintiff. *Id.* at 1-2. Plaintiffs have not submitted any records to contradict Defendant's contention that they never filed an appropriate administrative claim. Because Plaintiffs did not comply with the requirements of 28 U.S.C. § 2675(a), dismissal of this civil action for want of subject matter jurisdiction is warranted.

C. <u>Sovereign Immunity</u>

Even if Plaintiffs had filed an administrative claim, dismissal would nevertheless be required. "As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994); *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993)).

"The Federal Tort Claims Act ('FTCA') is the exclusive remedy for suits against the United States or its agencies sounding in tort." *Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013)

(citing 28 U.S.C. § 2679(a)).  "The FTCA grants a limited waiver of sovereign immunity and allows tort claims against the United States 'in the same manner and to the same extent as a private individual under like circumstances.'" *Id.* (quoting 28 U.S.C. § 2679(a)).  "The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction, and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." *Willoughby*, 730 F.3d at 479 (citations omitted).  A plaintiff bears the burden of demonstrating a waiver of sovereign immunity.  *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009).

The FTCA's waiver of immunity from suit is subject to several exceptions. *Davila v. United States*, 713 F.3d 248, 256 (5th Cir. 2013).  If an exception to the FTCA's waiver of sovereign immunity applies, "the bar of sovereign immunity remains." *Dolan v. United States Postal Serv.*, 546 U.S. 481, 485 (2006).  One such exception includes "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).  The United States Supreme Court has held that while the specificity of this statutory exception makes it narrow, the exception nevertheless includes "negligence causing mail to be lost or to arrive late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 486 (citation omitted).  The Supreme Court has opined that "Congress intended to retain immunity, as a general rule, only for injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Id.* at 489.  The United States Court of Appeals

for the Fifth Circuit has also held that under § 2680(b), the United States "retains sovereign immunity with respect to claims of negligent handling of the mails." *Ins. Co. of N. Am. v. United States Postal Serv.*, 675 F.2d 756, 759 (5th Cir. 1982).

Plaintiffs' claims regarding the USPS's purported mishandling of their mailed package fall squarely outside the scope of the FTCA's waiver of sovereign immunity.  *See* 28 U.S.C. § 2680(b); *Dolan*, 546 U.S. at 486; *Ins. Co. of N. Am.*, 675 F.2d at 759.  The United States retains sovereign immunity with respect to Plaintiffs' claims, and this Court lacks subject matter jurisdiction over Plaintiffs' claims.  *See* 28 U.S.C. § 2680(b); *Dolan*, 546 U.S. at 486; *Ins. Co. of N. Am.*, 675 F.2d at 759.  The Court must therefore grant Defendant's Motion to Dismiss.

## III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [3] should be granted, and this case will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Dismiss [3] filed by Defendant George Craig - Postmaster is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**SO ORDERED AND ADJUDGED** this 10th day of February, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE